UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PASI OF LA, INC.                                         CIVIL ACTION NO.

VERSUS

                                                                               15-655-SDD-SCR

HARRY PEPPER & ASSOCIATES, INC.,
JACOBS TECHNOLOGY, INC. and THE
UNITED STATES NATIONAL AERONAUTICS
AND SPACE ADMINISTRATION

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

On October 29, 2015, Plaintiff, PASI of LA, Inc. ("PASI") filed an ex parte *Motion for Temporary Restraining Order and Preliminary Injunction*.[1]  PASI and Defendant, Harry Pepper & Associates, Inc. ("HPA"), entered into a Subcontract whereby PASI would perform restoration work to the B2 Test Stand at Stennis Space Center in Stennis, Mississippi.[2]  Pursuant to Article 9 of the parties' Subcontract,[3] HPA filed a Demand for Arbitration on August 27, 2015 with the American Arbitration Association ("AAA") alleging that PASI breached the parties' Subcontract.[4]  On or about August 28, 2015, the AAA began the arbitration process.[5]  On September 10, 2015, PASI filed objections to proceeding with arbitration, to which HPA filed a response.[6]  Ultimately, the AAA determined that arbitration was appropriate and, on October 8, 2015, the AAA

---

[1] Rec. Doc. 18.
[2] Rec. Doc. 18-2, p. 2. ("Article 1—Scope of Work").
[3] Rec. Doc. 18-2, p. 8. ("Article 9 – Disputes").
[4] Rec. Doc. 18-2, pp. 30-33.
[5] Rec. Doc. 18-2, pp. 34-35.  The arbitration case name and number are as follows:  Harry Pepper & Associates, Inc. vs. PASI of LA, Inc., Case Number: 01-15-0004-7930.
[6] Rec. Doc. 18-2, pp. 36-38.

1

ordered the parties to submit preferences and objections to arbitrators by October 22, 2015.[7] PASI now seeks that the Court issue a TRO without notice enjoining the AAA and HPA from proceeding with the arbitration until this Court can hold a Preliminary Injunction hearing. PASI contends it will be irrevocably harmed if arbitration is allowed to proceed.[8] For the following reasons, PASI's *Motion for TRO* shall be denied.

A temporary restraining order is "'an extraordinary and drastic remedy,' and should only be granted when the movant has clearly carried the burden of persuasion."[9] The purpose of a temporary restraining order is to "preserve the status quo and prevent irreparable harm just so long as is necessary to hold a hearing, and no longer."[10] A temporary restraining order may be issued without notice only if both of the following requirements are satisfied:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[11]

Hence, "a TRO cannot be issued *ex parte* absent a clear showing that immediate and irreparable injury will result before the adverse party can be heard."[12]

The Court finds that PASI has failed to satisfy the first requirement necessary to issue a TRO. According to PASI, if the arbitration is not enjoined, it will be required to pay non-refundable costs exceeding $14,000.00 to assert a counterclaim against HPA

---

[7] Rec. Doc. 18-2, pp. 39-41.
[8] Rec. Doc. 18-1, p. 3.
[9] *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009)(quotations omitted).
[10] *RW Development, LLC v. Cuningham Group Architecture, Inc.*, 2012 WL 3258782, at *2 (S.D.Miss. Aug. 8, 2012)(citing *Granny Goose Food, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)).
[11] Fed.R.Civ.P. 65(b)(1)(A)-(B).
[12] *Digital Generation, Inc. v. Boring*, 2012 WL 315480, *3 (N.D. Tex. Feb. 2, 2012).

in the arbitration proceeding.[13]  Once arbitrators are appointed, however, PASI asserts that it may be barred from asserting such a claim.[14]  Additionally, PASI argues that it will be obligated to pay non-refundable arbitrator fees.[15]  Within the Fifth Circuit, it is well-settled that "[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies."[16] Here, PASI overlooks the fact that it has a pending lawsuit in this Court wherein it has asserted direct claims against HPA for alleged wrongful termination and seeks declaratory relief on the issue is arbitrability.[17] If PASI prevails on its damage and declaratory relief claims in the pending litigation money damages will provide a complete remedy.  To the extent PASI contends that it "may" lose its ability to assert a counterclaim against HPA, PASI's contention is merely speculative.  Therefore, the Court finds that PASI has failed to set forth allegations of irreparable harm necessary for a TRO.

---

[13] Rec. Doc. 1, p. 10, ¶43; Rec. Doc. 18-2, pp. 43-44.
[14] Rec. Doc. 1, p. 10, ¶43; Rec. Doc. 18-2, p. 44, ¶9.
[15] Rec. Doc. 18-2, p. 44, ¶10.  In PASI's *Memorandum*, it argues that costs for arbitrator fees will likely be in excess of $20,000.  Rec. Doc. 18-1, p. 3. Movant offers no verification or evidence of this assertion.
[16] *Meridian v. Algernon Blair, Inc.*, 721 F.2d 525, 529 (5th Cir. 1983).  See also, *Johnson v. New Orleans Jazz & Heritage Foundation*, 1999 WL 299017, at *5 (E.D.La. May 10, 1999).
[17] Rec. Doc. 1.  PASI has also asserted claims against Jacobs Technology, Inc. and the United States National Aeronautics and Space Administration.

3

Accordingly, **IT IS HEREBY ORDERED** that:

1. The *Motion for Temporary Restraining Order and Preliminary Injunction*[18] is hereby DENIED as to PASI OF LA, INC.'s request for an *ex parte* Temporary Restraining Order.

2. PASI is ordered to notify, by service or other lawful means, the opposing parties of the injunctive relief sought.

3. A hearing on PASI's *Motion for Preliminary Injunction*[19] is hereby set for December 1, 2015 at 9:30 am in Courtroom 3.

4. Pretrial hearing briefs not to exceed twenty (20) pages shall be filed by the parties fourteen (14) days prior to the hearing.

Signed in Baton Rouge, Louisiana, on November 2, 2015.

_____

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[18] Rec. Doc. 18.
[19] Rec. Doc. 18.